**FILED**

July 19, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARK A. HOKE,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0367** (BOR Appeal No. 2054721)
(Claim No. 2018022677)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark A. Hoke, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Division of Highways, by Counsel Jillian L. Moore, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 3% permanent partial disability award on October 23, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its October 17, 2019, Order and granted a 5% permanent partial disability award. The Order was affirmed by the Board of Review on April 14, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

. . . .

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 775, 782-83, S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Hoke, an equipment operator, injured his lumbar spine in the course of his employment on April 5, 2018. The Employees' and Physicians' Report of Injury completed three days later indicates Mr. Hoke was feeding brush into a woodchipper on April 5, 2018, when he felt pain in his lower back. The claim was held compensable for lumbar sprain on April 17, 2018. A second Employees' and Physicians' Report of Injury was completed on April 19, 2018. It indicates Mr. Hoke injured his lower back on April 5, 2018, while dragging and pulling brush into a woodchipper. The physician's section was completed by Dr. Donahue, who diagnosed lumbar radiculopathy. It was noted that the compensable injury aggravated a prior injury.

Mr. Hoke had back issues that preexisted the compensable injury at issue. In a March 11, 2015, application for treatment, Mr. Hoke reported neck and back pain. It was noted that he had surgery at L5. X-rays showed mild degenerative disc disease at C5 and misalignment at C1-C2. Lumbar x-rays showed mild degenerative disc disease, mild facet arthrosis, and multiple subluxations at L5. On September 28, 2017, Mr. Hoke sought treatment from Johnathan Donahue, D.O., for left leg and knee pain. Mr. Hoke reported that he experienced severe pain in 1995 and underwent lumbar spine surgery. Mr. Hoke reported that he currently experienced severe leg pain. Dr. Donahue diagnosed idiopathic peripheral autonomic neuropathy. It was noted that x-rays showed disc space narrowing with osteophyte lipping, sclerosis, and facet joint narrowing. The impression was degenerative changes. On December 21, 2017, Dr. Donahue ordered physical therapy for bilateral leg neuropathy. Mr. Hoke was treated at Trinity Physical Therapy on January 19, 2018. He reported low back pain present for the past twenty years, with radiation into the right leg. Mr. Hoke also reported numbness and tingling in his feet. Mr. Hoke stated that for the past five years, he had also experienced cervical spine pain, which was worsening.

On April 20, 2018, Mr. Hoke underwent a lumbar MRI which showed a central disc herniation at L5-S1 with large left lateral recess and foramen encroachment. At L5 there was bulging and facet joint hypertrophy. At L3-4, there was disc bulging and facet joint hypertrophy, foraminal narrowing, and mild spinal stenosis. At L2-3, there was disc bulging. The impression

was large L5-S1 disc herniation. Mr. Hoke underwent L4-5 and L5-S1 partial laminectomies and partial facetectomies with disc excisions on May 8, 2018.

Bruce Guberman, M.D., performed an Independent Medical Evaluation on September 10, 2018, in which he noted the compensable conditions as lumbar sprain and displaced lumbar disc. Mr. Hoke reported that surgery helped his symptoms but that he still had pain in his lower back, left hip, left leg, and left foot. Dr. Guberman diagnosed chronic post-traumatic lumbar strain with L4-5 and L5-S1 disc herniations and left-sided radiculopathy. Mr. Hoke had reached maximum medical improvement. Dr. Guberman assessed 13% whole person impairment from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*") and 7% impairment due to range of motion loss for a total of 22% impairment. Dr. Guberman placed Mr. Hoke in Lumbar Category III from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 13%. Dr. Guberman then apportioned 10% impairment for Mr. Hoke's previous lumbar spine injury and surgery. The claims administrator granted Mr. Hoke a 3% permanent partial disability award on October 23, 2018. On December 5, 2018, the claims administrator issued an Order clarifying that the compensable conditions in the claim were lumbar sprain and lumbar disc displacement.

In a January 21, 2019, Independent Medical Evaluation, Michael Kominsky, D.C., diagnosed L4-5 and L5-S1 disc herniations, lumbar joint dysfunction, post L4-5 and L5-S1 surgeries, residual loss of motion, and L5 neuro spinal compression syndrome. Dr. Kominsky stated that Mr. Hoke needed further treatment in the form of physical therapy. Dr. Kominsky assessed 13% from Table 75 of the AMA *Guides*, 9% for range of motion loss, and 5% for neurological deficits for a total of 25% impairment. He placed Mr. Hoke in Lumbar Category V from West Virginia Code of State Rules § 85-20-C. Dr. Kominsky apportioned 10% impairment for Mr. Hoke's preinjury lumbar spine surgery. His total impairment assessment for the compensable injury was 15%.

Robert Walker, M.D., performed an Independent Medical Evaluation on March 20, 2019, in which he assessed 9% impairment for range of motion and 10% impairment under Table 75 of the AMA *Guides* for a combined total of 18% impairment. He then placed Mr. Hoke in Lumbar Category II from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 13% impairment.

In a June 6, 2019, Independent Medical Evaluation, Prasadarao Mukkamala, M.D., diagnosed lumbar sprains superimposed on preexisting degenerative spondylosis and disc disease. He assessed 13% impairment for Mr. Hoke's prior surgeries, 6% for range of motion loss, and 1% for sensory deficits for a total of 19% impairment. Dr. Mukkamala placed Mr. Hoke in Lumbar Category III and adjusted the rating to 13%. Dr. Mukkamala. Dr. Mukkamala then apportioned 8% impairment for Mr. Hoke's preexisting injury. He therefore found 5% impairment due to the compensable injury. Dr. Mukkamala reviewed Dr. Guberman's report and opined that Dr. Guberman's apportionment for Mr. Hoke's preinjury surgery was a little high. Regarding Dr. Kominsky's report, Dr. Mukkamala found that Dr. Kominsky placed Mr. Hoke in Lumbar Category V, which was clearly excessive. Dr. Mukkamala opined that Mr. Hoke had no findings to support placement in Categories IV or V. Dr. Kominsky also incorrectly included impairment

for motor deficits, which Mr. Hoke does not have. Lastly, Dr. Mukkamala commented on Dr. Walker's assessment, stating that Dr. Walker failed to apportion his impairment for Mr. Hoke's preexisting conditions.

The Office of Judges reversed the claims administrator's grant of a 3% permanent partial disability award and instead granted a 5% award in its October 17, 2019, Order. It found Dr. Mukkamala's report to be the most reliable of record. Dr. Walker was the only evaluator of record who declined to apportion for Mr. Hoke's preexisting conditions. His assessment was therefore determined to be unreliable because Mr. Hoke clearly had preexisting lumbar impairment due to his preexisting condition, which required surgery. The Office of Judges determined that Dr. Kominsky's report was also unreliable because he was the only physician of record to place Mr. Hoke in Lumbar Category V. Dr. Kominsky stated that Mr. Hoke had developmental fusion, which is unsupported by the record. The Office of Judges concluded that the reports of Drs. Mukkamala and Guberman were both reliable. Therefore, the Office of Judges adopted the report most consistent with Mr. Hoke's position and granted a 5% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 14, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-1g provides that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted." There are four evaluations of record, two of which are unreliable for the reasons set forth by the Office of Judges. The reports of Drs. Mukkamala and Guberman are of equal evidentiary weight. Therefore, the Office of Judges, and by extension the Board of Review, was correct to find that the matter should be resolved in Mr. Hoke's favor.

Affirmed.

**ISSUED: July 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton